Eddie A. Jauregui (Cal. Bar No. 297986)
**HOLLAND & KNIGHT, LLP**
400 S. Hope Street, Suite 800
Los Angeles, California 90071
Telephone: (213) 896-2455
eddie.jauregui@hklaw.com

Richard Roper (Admitted *Pro Hac Vice*)
**HOLLAND & KNIGHT, LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: (214) 969-1210
richard.roper@hklaw.com

Attorneys for Defendant
JOSE ANGEL DEL VILLAR

*Additional Counsel listed on following page*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DEL ENTERTAINMENT, INC.,<br>JOSE ANGEL DEL VILLAR, and<br>LUCA SCALISI,<br><br>        Defendants. | No. 2:22-CR-00267-MEMF<br><br>**DEFENDANTS DEL<br>ENTERTAINMENT, INC., JOSE<br>ANGEL DEL VILLAR, AND LUCA<br>SCALISI'S MOTION TO STRIKE<br>SURPLUSAGE**<br><br>Hearing Date:    January 18, 2024<br>Hearing Time:    2:00 p.m.<br>Hearing Location: Ceremonial Courtroom |

Debra Wong Yang (Cal. Bar No. 123289)
Douglas M. Fuchs (Cal. Bar No. 196371)
James N. Rotstein (Cal. Bar No. 305072)
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7605
dwongyang@gibsondunn.com
dfuchs@gibsondunn.com
jrotstein@gibsondunn.com

Attorneys for Defendant
DEL ENTERTAINMENT INC.


Scott D. Tenley (Cal. Bar No. 298911)
**ZWEIBACK, FISET & ZALDUENDO, LLP**
315 W. 9th Street, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170
scott.tenley@zfzlaw.com

Rose Romero (Admitted Pro Hac Vice)
**ROMERO KOZUB**
235 NE Loop 820, Suite 105
Hurst, Texas 76053
Telephone: (682) 267-1351
rose.romero@romerokozub.com

Attorneys for Defendant
LUCA SCALISI

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 18, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Maame Ewusi-Mensah Frimpong and/or the Ceremonial Courtroom, located at United States Courthouse, 350 West First Street, Los Angeles, California, 90012, defendants Del Entertainment, Inc., Jose Angel Del Villar, and Luca Scalisi will, and hereby do, move this Court to strike surplusage in the indictment.

This Motion is based on this Notice, the Memorandum of Points and Authorities below, the pleadings and papers previously filed in this case, the arguments of counsel, and such other matters as the Court may deem proper to consider.

This motion is made following the conference of counsel on December 7, 2023, pursuant to Local Rule 7-3.

Respectfully Submitted,

DATED:   December 8, 2023

HOLLAND & KNIGHT

By:  /s/ *Richard Roper*
_____
RICHARD ROPER
EDDIE A. JAUREGUI

Attorneys for Defendant
JOSE ANGEL DEL VILLAR

DATED:   December 8, 2023          GIBSON DUNN & CRUTCHER LLP

                                   By: _____ /s/ James Rotstein _____
                                         JAMES N. ROTSTEIN

                                   Attorneys for Defendant
                                   DEL ENTERTAINMENT INC


DATED:   December 8, 2023          ZWEIBACK, FISET & ZALDUENDO LLP

                                   By: _____ /s/ Scott Tenley _____
                                         SCOTT D. TENLEY

                                   Attorneys for Defendant
                                   LUCA SCALISI

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Del Entertainment, Inc., Jose Angel Del Villar, and Luca Scalisi ("Defendants") file this motion under FED. R. CRIM. P. 7(b), requesting that the Court strike surplusage from the indictment returned on June 22, 2022, on the basis of the points and authorities set forth below.

## I.   BACKGROUND

On June 22, 2022, Jose Angel Del Villar ("Del Villar"), Luca Scalisi ("Scalisi") and Jesus Perez Alvear ("Perez") were charged in a 14-count indictment with Conspiracy to Transact in Property of Specially Designated Narcotics Traffickers, in violation of 21 U.S.C. §§ 1904(c)(2) and 1906(a) (Count 1) and Transactions in Property of Specially Designated Narcotics, in violation of 21 U.S.C. §§ 1904(b)(1), (c)(1) and 1906(a) (Counts 2-14). Indictment, (Doc. 34) On July 20, 2022, following their release under conditions, Del Entertainment, Inc., Del Villar and Scalisi entered not guilty pleas. (Doc. 64). Trial is set for January 29, 2024. (Doc. 104).

## II.   REQUEST

Rather than providing a plain, concise, and definite statement of the essential facts constituting the offenses charged, the Indictment's Introductory Allegations and each Count include unnecessary and highly prejudicial language that risks inflaming the jury, and inserting matters that may lead the jury to base its decision on matters other than the evidence presented at trial. Under FED. R. CRIM. P. 7(b), Del Entertainment, Del Villar and Scalisi request that the Court strike this unnecessary and prejudicial language from the indictment.

First, Del Entertainment Inc., Del Villar and Scalisi seek to strike prejudicial averments in the Indictment's Introductory Allegations, which (a) references the "Foreign Narcotics Kingpin Designation Act," the "Kingpin Act;" (b) refers to Perez and his company as "specially designated narcotics traffickers," and "Specially Designated Nationals who are narcotics traffickers;" and (c) includes the allegation that "the Kingpin Act declared a national emergency with respect to the activities of international narcotics

traffickers and their organizations, which threatened the national security, foreign policy, and economy of the United States." Specifically, the Indictment's Introductory Allegations include the following:

> 1. On April 6, 2018, pursuant to the *Foreign Narcotics Kingpin Designation Act (the "Kingpin Act"),* Title 21, United States Code, Sections 1901 through 1908, and Title 31, Code of Federal Regulations, Parts 501 and 598, the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"), identified and designated defendant JESUS PEREZ ALVEAR, also known as ("aka") "Chucho," and entity Gallistica Diamante, aka "Ticket Premier," which PEREZ controlled, as "*specially designated narcotics traffickers" ("SDNTKs")* subject to economic sanctions.

> 2. *The Kingpin Act declared a national emergency with respect to the activities of international narcotics traffickers and their organizations, which threatened the national security, foreign policy, and economy of the United States.* As part of the sanctions program, the names of persons and entities designated pursuant to the *Kingpin Act*, whose property and interests in property are blocked, are published in the Federal Register and incorporated into a list of *Specially Designated Nationals ("SDN List")* with the OFAC program tag *"[SDNTK]" to designate Specially Designated Nationals who are narcotics traffickers. The SDN* List *is readily available through OFAC's web site: http://www.treasury.gov/sdn.* United States persons are generally prohibited from using, transferring, or dealing in any property, including funds, in which an *SDNTK* has an interest without authorization from OFAC.

Indictment, at 2 (emphasis added).

Second, the Del Entertainment Inc., Del Villar and Scalisi move to strike similar prejudicial references to "Kingpin" and "Specially Designated Narcotics Traffickers" located in the Page One Caption, Introductory Allegations, Paragraph Three, Count One, Page 4, Counts 2-14, Page 4. Indictment, at 1-4.

## III.   ARGUMENT

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). When the indictment exceeds the Rule 7(c) principles by including irrelevant and inflammatory language, then "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." FED. R. CRIM. P. 7(d). The purpose of a motion to strike under Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United*

1   *States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010);. *See also* 1 Wright & Miller, FED.

2   PRAC. & PRO. § 128 at 641 (4th ed. 2008).("The purpose of [Rule] 7(d) is to protect the

3   defendant against prejudicial allegations of irrelevant or immaterial facts." )

4        A motion to strike surplusage is the proper vehicle to challenge and "protect a

5   defendant against 'prejudicial or inflammatory allegations that are neither relevant nor

6   material to the charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988). If,

7   for example, the government asserts irrelevant or immaterial facts, particularly those that

8   might prejudice the jury, the defendant may compel their deletion." *United States v.*

9   *Hughes*, 766 F.2d 875, 879 (5th Cir. 1985). "[P]rosecutors have been known to insert

10  [unnecessary facts] for 'color' or 'background' hoping that these will stimulate the

11  interest of the jurors." *United States v. Johnson*, No. Cr. A. 98–276, 1999 WL 551332 at

12  \*1 (E.D. La. June 10, 1999). The court may strike as surplusage any irrelevant language

13  that is unduly inflammatory and prejudicial in that it "serve[s] only to inflame the jury,

14  confuse the issues, and blur the elements necessary for conviction[.]" *United States v.*

15  *Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). This Court may also strike "[i]ndirect

16  expressions, implied allegations, argumentative statements, and uncertainty due to

17  generalizations in language[.]" *United States v. Williams*, 203 F.2d 572, 574 (5th Cir.

18  1953).[1]

19

---

20  [1]     For example, Rule 7(d) has been used to strike an alias from indictments where the alias was not
relevant to the issue of defendant's identification, *United States v. Ramirez*, 710 F.2d 535, 545 (9th Cir.
21  1983) (citing *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.), cert. denied, 408 U.S. 926 (1972)).
This rule has also been used to strike prejudicial language in an indictment describing a defendant's
22  prior felony conviction for carrying a handgun where the defendant was charged with possession of a
firearm by a previously-convicted felon. Id. (citing *United States v. Poore*, 594 F.2d 39, 41 (4th Cir.
23  1979)). See, e.g., *United States v. Lonich*, 2016 WL 324039, at \*5-6 (N.D. Cal Jan. 27, 2016) (striking
the phrase "and others" from portions of an indictment that identified victims and the phrase "among
24  other things" from the paragraph charging an offense). Broadening phrases in the indictment "are
potentially prejudicial because they could lead the jury to speculate that the defendant was guilty of or
25  responsible for actions in addition to those charged in the indictment, or permit the prosecution to go
26  beyond the specific charge . . . made by the grand jury when presenting evidence at trial." *United States*
*v. Menendez*, 137 F. Supp. 3d 688, 707 (D.N.J. 2015), aff'd, 831 F.3d 155 (3d Cir. 2016).

27

28

1    As to Introductory Paragraph One, the indictment includes following allegation:

2  "pursuant to the Foreign Narcotics *Kingpin Designation Act* (the "*Kingpin Act*"), . . . , the

3  United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"),

4  identified and designated defendant JESUS PEREZ ALVEAR, also known as ("aka")

5  "Chucho," and entity Gallistica Diamante, aka "Ticket Premier," which PEREZ

6  controlled, as "*specially designated narcotics traffickers*" ("SDNTKs") subject to

7  economic sanctions." Indictment, at 2 (emphasis added). Del Entertainment, Del Villar

8  and Scalisi object to the inclusion of the monikers "Kingpin" and "Kingpin Act" and

9  "Specially Designated Narcotics Trafficker" in that these references are highly prejudicial,

10 inflammatory and immaterial to the allegations of the offenses charges. The heart of the

11 allegations involve the defendants willfully engaging specific barred financial transactions

12 with Perez, an individual and entity on the OFAC-bar list. Why Perez and his company

13 are on the list is essentially irrelevant.  Adding the appellations Kingpin, Kingpin Act and

14 specially designated narcotics trafficker, inserts highly inflammatory and unfairly

15 prejudicial language into the case, inviting the jury to convict defendants on the basis of

16 Perez's wrongs. Such prejudicial and immaterial allegations should be stricken from the

17 indictment as surplusage. Rule 7(c) provides the appropriate remedy here to ensure the

18 defendants receive a fair trial.

19    As to Introductory Allegation, Paragraph 2, it states:

20    "*[T]he Kingpin Act declared a national emergency with respect to the activities of*
21    *international narcotics traffickers and their organizations, which threatened the*
22    *national security, foreign policy, and economy of the United States.* As part of the
       sanctions program, the names of persons and entities designated *pursuant to the*
23    *Kingpin Act*, whose property and interests in property are blocked, are published
       in the Federal Register and incorporated into a list of *Specially Designated*
24    *Nationals ("SDN List")* with the OFAC program tag "[SDNTK]" to designate
       Specially Designated Nationals *who are narcotics traffickers. The SDN List is*
25    *readily available through OFAC's web site: http://www.treasury.gov/sdn.*
26

27 Indictment, at 2 (emphasis added). Again, including the appellation of "Kingpin Act"

28 and "specially designated narcotics traffickers," along with the words "National

Emergency" and "narcotics traffickers," is inviting the jury to speculate about defendants' affiliations and inflame the jurors' biases.  The insertion of these allegations risks the jury basing its decision on something other than a clear and careful consideration of the facts presented at trial.  Moreover, including the internet address invites jurors to go to the website and review the designation material. Such research is clearly prohibited under federal law. Rule 7(b) is designed to avoid such prejudice to the defendants.[2]

One of the few reported cases interpreting offenses charged under 21 U.S.C. §§ 1904 and 1906, *United States v. Oseguera Gonzalez*, 507 F.Supp.3d 137 (D.D.C. 2021), illustrates the need to strike the indictment's offensive language. There, the government sought to introduce evidence that the defendant maintained business records for a Mexican drug cartel. *Id*. at 164.  The court refused admission, ruling that "evidence of ties to a drug trafficking organization does little to show that defendant knew that the businesses had been designated and blocked by OFAC." *Id*. at 165. The court reasoned that the designation by OFAC, and not the activities of the narcotics businesses, made the conduct illegal. *Id.*  The Court stated that "knowledge of these underlying relationships is not particularly probative of defendant's knowledge of their OFAC status."[3] *Id.*

Here, the inflammatory appellations and other prejudicial averments, including "National Emergency" and "National Security," are not probative as to whether the defendants knew of Perez and his company's OFAC designations and whether they willfully engaged in prohibited transactions with Perez and his company.

As the court noted in *Oseguera Gonzalez,* there is a "substantial risk that a jury would focus on perceived culpability for keeping ledgers for a drug trafficking

---

[2] As noted above, Del Entertainment, Del Villar and Scalisi also object to other references to "Kingpin" and "Specially Designated Narcotics Traffickers" located in the Page One Caption, Introductory Allegations, Paragraph Three, Count One, Page 4, Counts 2-14, Page 4.  *Indictment*, at 1-4.

[3] The court also excluded evidence under Fed. R. Evid. 404(b).

1    organization and other uncharged personal involvement with the [cartel] rather than on

2    the relevant issues at trial pertaining to defendant's transactions and dealings with the

3    designated businesses." *Id*. at 166.  There is a "risk that a jury would 'convict for crimes

4    other than those charged—or that, uncertain of guilt, it will convict anyway because a

5    bad person deserves punishment.'" *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172,

6    181 (1997)). These risks exist here as well, jeopardizing the defendants right to a fair

7    trial.

8         Finally, Introductory Allegation, Paragraph 2 includes an inaccurate recital of the

9    law: "United States persons are generally prohibited from *using*, transferring, or dealing

10   in any property, including funds, in which an SDNTK has an interest without

11   authorization from OFAC." *Indictment*, at 2 (emphasis added).  The statute and

12   regulations at issue do not provide that "using" any designated property of the specially

13   designated narcotics trafficker is a violation of the Act. *See* 21 U.S.C. §§ 1904(c)(2), 21

14   U.S.C. §§ 1904(b)(1), (c)(1), and 1906(a). As such, "using" should be stricken from the

15   Indictment's Introductory Allegations. To leave in this verb would invite the jury to

16   consider whether defendants are guilty of an act not prohibited by law. Rule 7(c)

17   provides the appropriate remedy here striking this verb.

18   **IV.   CONCLUSION**

19        Del Entertainment Inc., Del Villar and Scalisi's right to a fair trial is jeopardized if

20   this Court allows this language to remain in the Indictment and allows the jury to

21   become aware of these irrelevant, inflammatory, and prejudicial allegations. For the

22   aforementioned reasons, pursuant to Rule 7(d), this Court should grant Del

23   Entertainment Inc., Del Villar and Scalisi's Motion and strike the above-reference

24   offensive language from the Indictment.

25

26

27

28

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record of defendant Jose Angel Del Villar, certifies that this brief contains 2,096 words, which:

    ☒    complies with the word limit of L.R. 11-6.1.

    ___    complies with the word limit set by Court order dated _____.

DATED:   December 8, 2023          HOLLAND & KNIGHT

By:  /s/ *Richard Roper*  _____
    RICHARD ROPER
    EDDIE A. JAUREGUI

    Attorneys for Defendant
    JOSE ANGEL DEL VILLAR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, I, Richard Roper, attest that concurrence in the filing of this document has been obtained by all its signatories.


DATED: December 8, 2023                    */s/  Richard Roper*